Filed 3/24/15  P. v. Turner CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID TURNER,<br><br>    Defendant and Appellant. | 2d Crim. No. B252898<br>(Super. Ct. No. TA127946)<br>(Los Angeles County) |

David Turner appeals after a jury convicted him of evading a police officer with willful disregard for safety (Veh. Code, § 2800.2, subd. (a)) and resisting an executive officer in the performance of his duties (Pen. Code,[1] § 69).  After the verdicts were returned, appellant admitted a prior serious or violent felony conviction (§§ 667, subd. (a), 1170.12, subd. (b)), and serving five prior prison terms (§ 667.5, subd. (b)). The trial court sentenced him to six years four months in state prison, consisting of the midterm of two years on the evading count doubled for the strike prior, a consecutive eight-month term on the resisting count doubled for the strike prior, plus a one-year consecutive term for one of his prison priors.

---

[1] All further unspecified statutory references are to the Penal Code.

Appellant contends he was sentenced on both counts in violation of section 654. He also asks us to independently review the record on his *Pitchess*[2] motion. We affirm.

## STATEMENT OF FACTS

Los Angeles Police Officers Gerardo Perez and Francisco Zaragoza were on patrol when they saw appellant driving erratically. Officer Perez activated his emergency light and sirens and pursued appellant as he led them on a 10-minute high-speed police chase. During the chase appellant ran stop signs and red lights, drove onto front lawns, and drove the wrong way down a one-way street.

Appellant's vehicle eventually came to a stop after he hit a gate. He got out of his vehicle and ran away. He climbed to the top of a tall chain-link fence and jumped to the ground on the other side, breaking both of his ankles. The officers followed appellant on foot and were also injured as they went over the fence. Appellant was found lying on the ground near a shed. He appeared as if he were about to get up and run away, so Officer Zaragoza placed his knee on appellant's back to restrain him. Appellant tried to strike the officers with his elbows and did not comply with their orders to stop resisting and show his hands. He flailed his arms, legs and elbows and continued trying to hit the officers as Officer Perez attempted to handcuff him. Appellant eventually stopped struggling and was handcuffed.

## DISCUSSION

### *Section 654*

Appellant contends the court violated section 654's proscription against multiple punishment by sentencing him for both evading a police officer (Veh. Code, § 2800.2, subd. (a)) and resisting an executive officer in the performance of his duties (§ 69). He claims that sentencing on the resisting charge should have been stayed

---

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

because the two crimes arose from a single, indivisible course of conduct and were committed pursuant to the same objective, i.e., to avoid arrest. We are not persuaded.

A course of conduct that constitutes an indivisible transaction that violates more than a single statute cannot be subjected to multiple punishment. (§ 654; *People v. Butler* (1996) 43 Cal.App.4th 1224, 1248.) If a course of criminal conduct is found to be divisible into separate acts, they are treated as more than one act under section 654 and may result in separate punishment. (*People v. Bradley* (1993) 15 Cal.App.4th 1144, 1157, overruled on other grounds in *People v. Rayford* (1994) 9 Cal.4th 1, 21.)

The court had broad latitude in determining whether section 654 applied, and that determination must be upheld on appeal if supported by substantial evidence. (*People v. Garcia* (2008) 167 Cal.App.4th 1550, 1564; *People v. Saffle* (1992) 4 Cal.App.4th 434, 438.) We review the court's factual finding in the light most favorable to the prosecution, presuming the existence of every fact the court could reasonably deduce from the evidence. (*People v. Tarris* (2009) 180 Cal.App.4th 612, 620.)

The evidence is sufficient to support the court's finding that the resisting charge "was a separate act" from the evading charge such that section 654 did not apply. The latter charge was based on appellant's vehicular flight from the officers, while the resisting charge was based on his subsequent efforts to avoid being taken into custody. According to the testimony of both officers, appellant repeatedly tried to strike them with his elbows when they tried to handcuff him. Contrary to appellant's assertion, his efforts were successful as to Officer Zaragoza. The officer also demonstrated appellant's movements, which the prosecutor described as "literally throwing his elbow back approximately . . . parallel to essentially the floor at 90 degrees from his body[.]" Viewed in the light most favorable to the prosecution, this evidence supports a finding that appellant harbored a separate objective in committing the section 69 charge—i.e., to cause physical harm to the officers—that was independent of and not merely incidental to his objective of evading the officers under Vehicle Code section 2800.2. The court thus acted within its broad discretion by imposing punishment for both crimes.

3

*Pitchess*

Prior to trial, appellant filed a *Pitchess* motion for discovery of information in Officers Perez and Zaragoza's personnel files regarding complaints and allegations of excessive force, dishonesty, and similar acts of moral turpitude.  The court granted the motion, held in-camera hearings, and ordered disclosure of certain documents.

Appellant asks us to independently review the sealed transcripts of the in-camera proceedings on his *Pitchess* motion.  We have done so and conclude there was no error.  (*People v. Mooc* (2001) 26 Cal.4th 1216, 1232.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

4

Laura F. Priver, Judge

Superior Court County of Los Angeles

_____

Jessica C. Butterick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.